People v Oliver (2021 NY Slip Op 07472)





People v Oliver


2021 NY Slip Op 07472


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


1172 KA 18-02197

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CAMELL OLIVER, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KATHY E. MANLEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered July 31, 2018. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from two separate judgments convicting him, upon his guilty pleas, of two separate and distinct counts of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). Defendant contends in both appeals, and the People correctly concede, that the waiver of the right to appeal, which covered both pleas, is invalid (see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). Although defendant contends that his sentences were improperly enhanced, defendant failed to preserve his contention for our review "inasmuch as he did not object to [County Court's] imposition of the enhanced sentence[s] and did not move to withdraw his plea[s] or vacate the judgment[s] of conviction" (People v Moore, 182 AD3d 1032, 1032 [4th Dept 2020]; see People v Dumbleton, 150 AD3d 1688, 1688 [4th Dept 2017], lv denied 29 NY3d 1019 [2017]). Considering that defendant agreed to the enhanced sentences in return for dismissal of a new felony charge that had been lodged against him, we decline to exercise our power to review his contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Contrary to defendant's remaining contention, the sentences are not unduly harsh or severe.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court